IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONZO SHEPPARD, SR.,

    Petitioner,        No. CIV S-08-0613 GEB DAD P

    vs.

DILL,

    Respondent.        <u>ORDER</u>

_____/

        On March 19, 2008, petitioner filed a letter directed to the Clerk of the Court in which he explained that "a few months ago" he had filed an appeal to modify his sentence and reduce the amount of his restitution but had not received a response. (Letter filed March 19, 2008, at 1.)   In his letter petitioner requested that the court contact his correctional counselor at Kern Valley State Prison to confirm that he is "programming well." (<u>Id.</u> at 3.)  Petitioner also "implore[s]" the court to request a reduction of his sentence.  (<u>Id.</u>)

        Petitioner is advised that the court cannot advocate on his behalf for a modification of his sentence imposed in state court criminal proceedings.  If petitioner believes that his conviction or sentence was obtained in violation of his constitutional rights, the proper action would be for petitioner to file a proper petition in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court will provide petitioner with a form petition if he seeks

1

to challenge his conviction.[1] Petitioner is cautioned that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1).

In addition, if petitioner intends to proceed with a habeas action, he must either file an application requesting leave to proceed in forma pauperis or pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the application form for requesting leave to proceed in forma pauperis used by this district;

2. Petitioner is granted thirty days from the date of service of this order to file his petition for a writ of habeas corpus that complies with the requirements of the Federal Rules of Civil Procedure, and either pay the filing fee or file an application requesting leave to proceed in forma pauperis; the documents must bear the docket number assigned this case; and petitioner's failure to file a petition for writ of habeas corpus and to either pay the filing fee or file an application requesting leave to proceed in forma pauperis in accordance with this order will result in the dismissal of this action without prejudice.

DATED: November 24, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
shep0613.nop

---

[1] In a letter directed to the Clerk of the Court, filed on April 7, 2008, petitioner clarified that the respondent he has named is not a proper party to this action. If petitioner proceeds with a habeas action, he may replace Dill as a respondent with the name of the warden for the correctional facility where he is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).